**WASHINGTON TROUT; Washington Environmental Council; American Rivers, Petitioners,**

**United States Department of Commerce; Puget Sound Energy, Intervenors,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 01–71307.

Project No. 2150–021.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2003.*

Decided March 25, 2003.

Before O'SCANNLAIN, FERNANDEZ, and FISHER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Washington Trout, Washington Environmental Council, and American Rivers (hereinafter collectively Washington Trout) petition for a review of orders of the Federal Energy Regulatory Commission, which dismissed their petition to it asking that it immediately formally confer with the National Marine Fisheries Service and that it take certain other actions forthwith. We dismiss the petition.

We do have jurisdiction to review orders issued by FERC. *See* 16 U.S.C. § 825*l* (b). However, that jurisdiction is limited to final orders. *See Sierra Club v. United States Nuclear Regulatory Comm'n,* 825 F.2d 1356, 1361–62 (9th Cir.1987); *Steamboaters v. FERC,* 759 F.2d 1382, 1387–88 (9th Cir.1985). Beyond that, review is only permitted when the order will inflict irreparable harm and judicial review will not invade the agency's exercise of its discretion. *Id.; see also Acura of Bellevue v. Reich,* 90 F.3d 1403, 1408 (9th Cir.1996). Absent final action by the agency, the petition to us is simply not ripe for judicial review. *See Mount Adams Veneer Co. v. United States,* 896 F.2d 339, 343–44 (9th Cir.1989). In that regard, "[a]lthough an agency's own characterization of its action as non-final is not necessarily determinative, it provides an indication of the nature of the action." *City of San Diego v. Whitman,* 242 F.3d 1097, 1102 n. 6 (9th Cir. 2001).

Here, FERC has not refused to take action on Washington Trout's concern that fish, and other wildlife, might be affected by the operation of a facility that was licensed almost 50 years ago. It has simply stated that it is considering the issue,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

obtaining evidence, and consulting with other agencies. It has also said that it will ultimately take appropriate action, if any is called for. The administrative record supports that characterization. This, then, is a classic case of a premature challenge to a possible decision,[1] in an instance where the facts have not yet been properly developed.[2] While Washington Trout would like to have FERC, or us, rush ahead before the record is properly developed,[3] we cannot fault FERC for failing to do so, and our review would be premature at this time.

Of course, we recognize that FERC did act on Washington Trout's petition in the sense that it decided that what Washington Trout requested was premature, but to say that FERC's prematurity decision was itself reviewable as a final action would be neither pragmatic nor flexible,[4] nor even especially deferential or logical. The danger of interference with the proper functioning of the agency's discretion would be great; the danger that we, ourselves, would be stampeded into premature decision making would be even greater.[5]

Petition DISMISSED.

1. *See Mount Adams Veneer,* 896 F.2d at 343–44.

2. *See Standard Alaska Prod. Co. v. Schaible,* 874 F.2d 624, 627 (9th Cir.1989).

3. In the real world, good solutions seldom come about immediately; these things take time. *See Oregon Natural Res. Council, Inc. v. Kantor,* 99 F.3d 334, 339–40 (9th Cir.1996).

4. *See Acura,* 90 F.3d at 1408.

5. As we have held, the matter before us was not ripe when it was initiated. We will not concern ourselves with what might have de-

veloped at a later time. *See E.g., Clark v. City of Lakewood,* 259 F.3d 996, 1006 (9th Cir. 2001); *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1138–39 (9th Cir. 2000) (en banc). Thus, we deny the motions to dismiss for mootness and leave those developments for a later time when, and if, Washington Trout deems itself dissatisfied with some final agency action.